**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon SANCHEZ, Defendant–**
**Appellant.**

**No. 03–30449.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 2, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

Aine Ahmed, Esq., Stephanie J. Lister, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

MEMORANDUM **

Ramon Sanchez (Sanchez) appeals his conviction for possession with intent to distribute more than 500 grams of cocaine, 21 U.S.C. § 841(a)(1). We affirm.

With regard to Sanchez's challenge to the district court's denial of his motion to suppress, we find no error. We agree with the district court that the entry into the apartment (Apartment 170) shared by Sanchez, Silvino Andrade (Andrade), and Santiago Grageda was justified as a valid probationary search. *See United States v. Conway,* 122 F.3d 841, 842 (9th Cir.1997) (upholding Washington law that provides, "If there is reasonable cause to believe that an offender has violated a condition or requirement of the sentence, an offender may be required to submit to a search and seizure of the offender's person, residence, automobile, or other personal property.") (citation and internal quotation marks omitted). Because Andrade never provided his apartment number to his supervising officer, Renee Cooper (Officer Cooper), Officer Cooper reasonably believed that Andrade was violating the terms of his probation by failing to report his full and complete address, as the parties agree he was required to do. After Officer Cooper went to the apartment complex and spoke to the apartment manager, she was informed that Andrade was living in Apartment 170 under an assumed name. While it may be said that Officer Cooper was aware of Andrade's current address after she spoke to the apartment complex's manager, it cannot be said that Officer Cooper no longer harbored a reasonable suspicion that Andrade had violated a probation condition. Andrade's use of an assumed name, coupled with his earlier fail-

---

ures to provide his apartment number, created a reasonable suspicion that Andrade was attempting to conceal his actual address from Officer Cooper. In view of Andrade's attempt to conceal his actual address from Officer Cooper, we hold a probationary search of the apartment was justified to determine whether Andrade was otherwise complying with the terms of his probation.

■ With regard to Sanchez's argument that, even if the discovery of the cocaine and ammunition in Andrade's bedroom was constitutionally justified, the officers lacked probable cause to secure a warrant for the search of the entire apartment, we find no merit to this argument. In this case, it was reasonable for the officers to believe that more drugs (and perhaps a firearm) would be found in other rooms of the apartment. Indeed, it was not unreasonable for the officers to believe that Andrade could easily have hidden drugs or a firearm in Sanchez's bedroom, where five kilograms of cocaine were found. Moreover, the presence of a razor blade with white residue on Andrade's dresser certainly suggests that there was no secrecy between the roommates about the presence of drugs in the apartment. In short, once the cocaine and ammunition were found in Andrade's bedroom, the officers had probable cause to secure a warrant for the search of the entire apartment. *Cf. United States v. Ayers,* 924 F.2d 1468, 1480 (9th Cir.1991) ("A search warrant for the entire premises of a single family residence is valid, notwithstanding the fact that it was issued based on information regarding the alleged illegal activities of one of several occupants of a residence.... The most obvious place for the police to search would be the drug dealer's bedroom. Therefore, any other portion of the house would be a more secure hiding place. Thus, the search of the entire premises ... was not overbroad or unreasonable.").

Finally, we find no merit to Sanchez's argument that his indictment should have been dismissed by the district court because the government's conduct was so outrageous that it violated the Due Process Clause of the Fifth Amendment. *See United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir.) (noting that the "defense of outrageous government conduct is limited to extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment") (citation and internal quotation marks omitted), *cert. denied,* —— U.S. ——, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). Moreover, we find no merit to Sanchez's argument that, even if the government's conduct did not rise to the level of a due process violation, the district court erred in failing to exercise its discretion to dismiss the indictment. *See id.*

In sum, we affirm the district court's judgment.

AFFIRMED.